IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Willie F. Legette, | ) | C/A No. 8:14-cv-02278-MGL-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 21.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 6, 2014.[1]  [Doc. 1.]  On October 15, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition.  [Docs. 21, 22.]  On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 23.]  On November 20, 2014, Petitioner filed a response in opposition to the motion for summary judgment.  [Doc. 25.]  On April 6, 2015, the Court directed Respondent to supplement the record with file-stamped copies of the remittitur(s)

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, this action was filed on June 6, 2014.  [Doc. 1-2 (enveloped stamped as received by the prison mailroom on June 6, 2014).]

in Petitioner's direct and PCR appeal(s) so that this Court could adequately consider Respondent's statute of limitations defense.  [Doc. 28.]  Respondent supplemented the record on April 20, 2015.  [Doc. 31.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## <u>BACKGROUND</u>

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Williamsburg County Clerk of Court.  [Doc. 1.]  In December 2004, Petitioner was indicted for murder, burglary-first degree, armed robbery, possession of a weapon during a violent crime, and attempted armed robbery.  [App. 407–08.[2]]  On March 21, 2005, represented by LeGrand Carraway, Petitioner proceeded to trial.  [App. 1–363.]  On March 23, 2005 Petitioner changed his plea and pled guilty to the murder charge and the possession of a weapon during a violent crime charge.  [App. 320.]  The State dropped the remaining three charges.  [*Id.*]  Petitioner was sentenced to life for the murder charge and five years for the possession of a weapon during the commission of a violent crime charge, to run consecutively.  [App. 359, 365–66.]

_____

[2]The Appendix can be found at Docket Entry Numbers 22-1 through 22-2.

2

**Direct Appeal**

Petitioner appealed his conviction.  Eleanor Duffy Cleary ("Cleary") of the South Carolina Commission on Indigent Defense filed an *Anders*[3] brief on Petitioner's behalf in the South Carolina Court of Appeals, dated September 7, 2006, raising the following issue:

> Whether appellant's guilty plea failed to comply with the mandates set forth in *Boykin v. Alabama*?

[Doc. 22-4 at 4.]  At the same time she filed the *Anders* brief, Cleary submitted a petition to be relieved as counsel.  [Doc. 22-4 at 8.]  Petitioner filed a pro se brief, received by the South Carolina Court of Appeals on October 3, 2006, raising the following issues, quoted substantially verbatim:

> Whether appellant's guilty plea failed to comply with the mandates set forth in Brown v. State?
>
> Also The mandates set forth in Pringle v State? Petitioner contends the state has denied him due process of law and the court can not obtain jurisdiction on an unlawful documents and all the action taken by the court by law should be void.  Brown v State

[Doc. 22-6 at 4 (emphasis in original).]  On January 15, 2008, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's motion to be relieved.  [Doc. 22-7.]  Remittitur was issued on January 31, 2008 [Doc. 22-8] and was filed on February 1, 2008 [Doc. 31-1].

---

[3]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on October 10, 2008.  [App. 371–76.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)    Ineffective assistance of counsel
>
> (b)    Lack of subject MATTER JURISDICTION
>
> (c)    Violation of Due process, Involuntary guilty plea

[App. 373.]  In support of his grounds, Petitioner wrote "Look at attached sheets."  [*Id.*]  In his attachment in support of his grounds for relief, Petitioner provided the following, quoted substantially verbatim:

> Counsel was ineffective in failing to object to indictments because the Grand Jury True Billed and the foreperson of the Grand Jury signed off on the TrueBill, on Dec 2, 2004.  Also my Indictments were filed by the clerk of court on the same date.  But the indictments show that the Grand jury, At a Court of General Sessions, convened on Dec. 6, 2004 (Four4) days after my indictments were true billed.  How could the Grand jury Foreman sign and true bill my Indictments before the Grand jury had a chance to convene on the charges I was indicted for to make a judgement, This leaves the court at a Lack of subject matter jurisdiction.  And, My counsel if he was effective he would have notice[d] this but, for his lack of investigation in my case he was ineffective.
>
> Counsel was also ineffective by giving Erroneous plea advi[c]e.  Advising his client to plea to charges that prosecution had no subject matter jurisdiction to charge me.  Or no substantial evidence to find guilt.  They lack a positive I.D. on suspects or a weapon, finger prints n[e]ither.
>
> Counsel was ineffective by advi[s]ing his client (me) to plead guilty to Murder and possession of a weapon during a violent crime.  When client was not guilty of a crime or was not witnessed to be at a crime scene.  further more This constituted ineffective assistance of counsel, where defendant

4

wanted a jury trial but pled guilty to offenses which he did not commit based on counsel's advice and after counsel and Lt Rudy Tisdale head detective tricked client to plead guilty by telling me I could get a death penalty and I knew I was guilty. This happen during [page is cut off].

I would contend counsel was [inept] and [ineffective] for failure to investigate the Language on the Affidavit portion of my Arrest warrants.  In as much this Failure shows that counsel did not investigate my case [Legally].  In so far the Affidavits in this instant case in [whole] does [not] show probable cause to arrest the petitioner more over does [not] show probable cause for the magistrate to ev[en] issue the arrest warrants.  Likewise the Affiant on the charge of Murder [warrant] H-437611 Inv Rudy Tisdale and [he] had [no] personal knowledge of this murder, no[r] did he witness it, Likewise the officer swore to something befor[e] a Judicial officer that he had [no] personal knowledge of, and the judicial officer under, this circumstance [never] should have issued these aforesaid warrants. H-437611. Inasmuch the Affidavits in question do not state [who] told the officer about this incident, or [How] He obtained This Informat[ion] moreover it does not state on the Affidavit [How] the petitioner was even implicated in this Actus Reas or Mala in se.

I contend counsel was inept, And constitutionally [ineffective] for failing to investigate his [mental] [Health] for a defense at trial. .   Trial counsel never had the petitioner Mentally evaluated in this case.  And he nor anyone in his office ever asked the petitioner Anything about his back ground [Medically] Emotionally or psychiatrically.  Hence in Walker vs Mitchell 587 F. Supp 1432 (4th Cir 1984) The cou[rt] stated in HAEC verba; counsel has an affirmative obligatio[n] to make further inquiry where Facts known, and Available or within minimal diligence accessible to defense counsel raise A reasonable to defense counsel Raise A Reasonable doub[t] As to the defendants Mental condition.  If Reasonable grounds [exist] for questioning the sanity or competence of a defendant And  [page is cut off].

Counsel was ineffective by advising his client (me) to plea to charges that prosecution Lacked evidence.  The evidence was not sufficient to convict me.  Counsel did not investigate this case at all which left his client in a situation of rec[ei]ving  ineffective assistance from counsel.  Counsel did

not object to indictments when he knew that prosecutions key witness stated she did not see his client but did see other person and Identified them in a Line up.  Also A positive ID of client did not take place or a weapon at a crime scene or any other scene was never found.

Counsel was ineffective in failing to object to the indictments which, Indictments does not contain allege both assault and death and also time and place.  Lacking the Language usually set forth in indictments for murder. Therefore, the sufficiency of the body of the indictments were not substantively sufficient to confer subject matter jurisdiction.

Counsel was ineffective by advi[s]ing client (me) to plead guilty to charges advising him he would get Lesser time if he pleaded to these charges.  Also advising him if he pleaded guilty he would not rec[ei]ve a Life sentence if he plead guilty. Which his client rec[ei]ved a Life sentence anyway after taking this erroneous plea advice.

I argue my counsels strategy at sentencing hearing was not reasonable because it was nonexistent.  Therefore den[y]ing me effective assistance.  Counsel failed to investigate to any Length.  Nor did counsel request a psychiatric examination.  Counsel did not investigate clients ease at all subjecting client to Ineffective assistance of counsel. [Page is cut off]

Counsel was ineffective by failing to object to indictments of murder.  Because on a General charge on elements of murder state must prove defendants presence at scene of crime beyond reasonable doubt.  Counsel knew that key witness had testified that she could and had not picked defendant out in a Line up.  Also witness stated she never saw defendant in statements given to officers at the scene.  There for I argue counsel knowing this and did not mov[e] to object that the indictments be removed because they were Insufficient in implementing his client in murder or getting the Indictment for murder quashed.  I argue counsel was ineffectiv[e.]

Grand jury and circuit court Lacked jurisdiction in my case.  Because the courts denied me a preliminary hearing on several occas[s]ions which are documented and filed.  After I requested and asked for a preliminary hearing.  I have record that contains evidence that I was denied by courts and Judge

6

Clifort Newman of Williamsburg County. Therefore I argue the grand jury and circuit court Lacked jurisdiction to hear my plea because my request for a preliminary hearing was denied and never granted. Which is a violation of Constitutional Amendment 5 and 14 which is a violation of Due-process as well.

I argue that the courts Lacked jurisdiction to except my plea of guilty because. The indictments language does not distinguish between first and second degree or what degree of the crime. Therefore the indictments sufficience did not contain or meet the necessary elements of the offense intended to be charged and sufficiently appraises defendant of what he must be prepared to meet furthermore "proof of possession requires more than proof of mere presence" and the state must show defend[a]nt had dominion and control over the thing allegedly possessed or had the right to exercise dominion and control over it. [Page is cut off.]

The circuit court [la]cked original juris[dic]tion to entertain my case and sentence me, thus violating my rights under the S.C. constitution article (I) one section 3, and under the 14th amendment to the United States constitution.

I would contend that subject matter jurisdiction, and jurisdiction is different under the corpus juris. This premise is based on unrefuted fact, that they are defined differently un the Law dictionary . . . Likewise I would further contend that the circuit court Lacked original jurisdiction because there is no written order from the court to continue my case beyond 180 days from the date of my arrest, which is a requisite of the provisions of the S.C. Const. Art. V sect. 4, pursuant to the 180 day Rule. Insofar it is uncontested assuming arguendo that all provisions of the S.C. Const. are mandatory. Inasmuch on the ipso facto that there is no written order to continue my case beyond 180 days and I was sentenced after 180 days, the Circuit Court did not have original jurisdiction to entertain my case. Likewise without written court order the circuit court had no power to sentence me after 180 days ipso jure. The BLACK LAW Dictionary defines the 180 day Rule, and my case was to be dismiss[ed] with prejudice. I would also contend this is also a Due-process violation under <u>Rule 3c</u> which these Rules must be followed in the process of Rule 3a, b, c,

7

There must be a distinct bifurcated proceeding in murder cases upon conviction or adjudication of guilt of a defendant and unles[s] waived by defendant, Lapse of at least 24 hours is required after the guilt phase before the beginning of the sentencing phase, regardless of whether conviction was by a jury or adjudicated under a guilty plea. In (State vs Ray) the court vacated the sentence imposed on the charge of murder on the grounds that the statutory waiting period was not observed, and defendant did not affirmatively waive the waiting period. I argue that my Due-process was violated along with Ineffective assistance of counsel was exhibited. Counsel failed to meet his job by not objecting and argue the sentence be vacated upon grounds stating[.]

The true test of sufficiency of indictments is whether it contains necessary elements of the offense intended to be charged and sufficiently appraise defendant of what he must be prepared to meet[.] Therefore the court Lacked jurisdiction to except guilty plea Because indictment was insufficient. It did not pass a true test of sufficiency because it Lacked the elements to state the degree of murder Leaving the defendant to wonder and not be prepared to face what Degree of murder.

Due-process clause of the fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. I argue the standards for a speedy trial was denied. By causing substantial prejudice to rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused and force accused to plea involuntarily. Prosecution used this delay as a tactical advantage to show the courts or to make the courts believe I had no support system or family support. The prosecution called me to court on no notice of trial by date or any notification. Knowing that accused family [page is cut off]

Pursuant to Art V [and] 4 of the S.C. Constitution It is ordered that [All] criminal cases in the state of S.C. [shall] be disposed of within 180 days from the date of the defendants Arrest. Provided, however, that the circuit court May continue a criminal case beyond 180 days by [written order] if the court determines that exceptional circumstances exist in the case. This order does not create or define A right of a defendant to

8

> a speedy Trial. Like wise the S.C. Const. Art. I § 23 states by verbatim; The provisions of the constitution sha[ll] be [Taken], [Deemed], and [contrived] To be [Mandatory] and [Prohibitory]. And not merely directory, except, where expressly made directory or permissary by its own terms[.] This Language clearly means Art, V4 is [mandatory] [.]

[Doc. 22-9 (citations omitted) (some alterations in original).] The State filed a return, dated June 27, 2009. [App. 377–82.]

An evidentiary hearing was held on October 26, 2010, at which Petitioner was represented by Charles T. Brooks. [App. 383–98.] The PCR court filed an order of dismissal, dated June 25, 2011, denying and dismissing the application with prejudice. [App. 399–405.]

A notice of appeal was timely filed. Tristan M. Shaffer ("Shaffer") of the South Carolina Commission on Indigent Defense filed a *Johnson* petition[4] for writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated September 9, 2011. [Doc. 22-11.] The petition asserted the following as the sole issue presented:

> When counsel unreasonably advised Petitioner to plead guilty to murder without recommendation or negotiation to avoid a possible unconstitutional trial tax, should petitioner have been given post conviction relief?

[*Id.* at 3.] At the same time he filed the *Johnson* petition, Shaffer submitted a petition to be relieved as counsel. [*Id.* at 9.] On September 12, 2011, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a response. [Doc. 22-12.] Petitioner did not file a pro se response. The petition was transferred to the South Carolina Court of

---

[4]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Appeals. The South Carolina Court of Appeals denied the petition and granted counsel's request to withdraw on December 13, 2013 [Doc. 22-13] and remittitur was issued on December 31, 2013, and filed on January 2, 2014 [Doc. 31-2].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on June 6, 2014. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** Involuntary Guilty Plea.
>
> *Supporting facts*: On advice of counsel, I plead guilty during the course of my trial. Counsel advised that it was looking bad and that I was facing death. In light of the fact that I could not be sentenced to death I was improperly advised of the sentence I could receive, and plead to the very sentence the Judge could impose.

[Doc. 1 at 5.] As stated, on October 15, 2014, Respondent filed a motion for summary judgment. [Doc. 21.] On November 20, 2014, Petitioner filed a response in opposition. [Doc. 25.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under

10

this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

15

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

17

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However,

18

if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are

filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred.  [Doc. 22.]  Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's appeal on January 15, 2008 [App. 314–15], and Petitioner did not seek further review.  Consequently, Petitioner had one year from January 30, 2008, fifteen days after the South Carolina Court of Appeals' opinion was filed, to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the Supreme Court of South Carolina for review until the petitioner has filed

20

a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

Here, Petitioner filed his PCR application on October 10, 2008, such that 253 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and the statute of limitations was tolled during the period the PCR application was pending—from October 10, 2008 until January 2, 2014, when the South Carolina Court of Appeals filed the  remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 31-2].  Therefore, the one-year limitations period began to run again on January 3, 2014 and expired 112 days later on April 25, 2014.  As a result, the Petition—filed on June 6, 2014, more than one month after the expiration of the limitations period—is time barred.

**Equitable Tolling**

Petitioner argues he is entitled to equitable tolling because he was held in max lock-up with little access to legal materials for several months.  [Doc. 25 at 1.]  For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his

21

> adversary's misconduct into allowing the filing deadline to pass.
> We have generally been much less forgiving in receiving late
> filings where the claimant failed to exercise due diligence in
> preserving his legal rights.  *Baldwin County Welcome Center
> v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L.
> Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted).  The

Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases

subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner

"is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2)

beyond his control or external to his own conduct, (3) that prevented him from filing on

time."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will

circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a
> statute of limitations must be guarded and infrequent, lest
> circumstances of individualized hardship supplant the rules of
> clearly drafted statutes. To apply equity generously would
> loose the rule of law to whims about the adequacy of excuses,
> divergent responses to claims of hardship, and subjective
> notions of fair accommodation. We believe, therefore, that any
> resort to equity must be reserved for those rare instances
> where—due to circumstances external to the party's own
> conduct—it would be unconscionable to enforce the limitation
> period against the party and gross injustice would result.

22

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[6]   The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client.  *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.* at 2562.

        Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing his Petition within the statute of limitations.  Petitioner argues he was unable to timely file his Petition because he was held in maximum security without access to legal materials.  However, Petitioner's bare allegations of denial of access to legal materials are not sufficient, standing alone, to

---

        [6]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

entitle him to equitable tolling. Instead, a petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials.  *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (holing that the absence of an adequate law library does not justify equitable tolling); *see also Cross–Bey v. Gammon*, 322 F.3d 1012, 1015–16 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge and legal resources). Accordingly, Petitioner has failed to provide any grounds for equitably tolling the federal statute of limitations.  Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 17, 2015
Greenville, South Carolina